**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

CLESTON L. BRAND,

          Plaintiff,

v.                 Civil Action No.  2:19-cv-00730

SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR TOWD POINT MORTGAGE TRUST 2015-4,

          Defendants.

**NOTICE OF REMOVAL**

  Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association as Trustee for Towd Point Mortgage Trust 2015-4 ("U.S. Bank") (collectively "Defendants") hereby respectfully give notice pursuant to 28 U.S.C. § 1446 of the removal to this Court of the action commenced against them in the Circuit Court of Wood County, West Virginia and identified below.  Defendants deny the allegations contained in the Complaint and file this notice without waiving any defenses, exceptions or obligations that may exist in their favor under state or federal law.  In support of this Notice of Removal, Defendants would show the following:

**STATEMENT OF COMMENCEMENT OF THE ACTION**

  On September 18, 2019, Plaintiff Cleston Brand ("Plaintiff") commenced this action by filing a Complaint, Civil Action No. 2019-C-228, in the Circuit Court of Wood Count, West Virginia.  Defendants have not yet filed or served an answer or otherwise responded to the Complaint in the Circuit Court of Wood County, West Virginia.

1

The Complaint alleges that Plaintiff obtained two loans in 1999 from Equifirst Corporation. (Compl. ¶ 21.) The first loan was in the amount of $42,400 and the second was for $10,600. (*Id.* at ¶¶ 23-24.) Both loans were secured by deeds of trust on Plaintiff's property located at 149 Seven Acre Road, Parkersburg, West Virginia (the "Property"). (*Id.* at ¶ 2.) U.S. Bank is the current holder of the $42,400 loan (the "Loan"), and SPS is the servicer. (*Id.* at ¶ 30.)

Plaintiff alleges that when Equifirst Corporation originated the two loans, it used an inflated appraisal so that it could lend Plaintiff more money than the Property was worth. (*Id.* at ¶¶ 16-25.) He also alleges that after he retained an attorney, Defendants continued to make direct contact with him in violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). (*Id.* at ¶ 35.) Based on these allegations, Plaintiff asserts claims for (1) Unconscionable Inducement, WVCCPA § 46A-2-121; (2) Fraud; and (3) Illegal Debt Collection, WVCCPA §46A-2-128(e). Plaintiff seeks to have the Loan's lien on the Property declared unenforceable, reimbursement for all amounts paid on the Loan, actual damages, punitive damages, statutory penalties, and attorney's fees. (*Id.* at pp. 6-8.)

## TIMELINESS OF REMOVAL

Plaintiff filed this action on September 18, 2019. Plaintiff served the Complaint on Defendants via the West Virginia Secretary of State on October 4, 2019. Having been filed within thirty (30) days of Defendants' receipt of the Complaint, this Notice of Removal is timely. *Eskridge v. Pacific Cycle, Inc.*, No. 2:11-cv-0615, 2011 WL 5976284, at *2 (S.D. W. Va. Nov. 29, 2011).

## PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Wood County, West Virginia, are attached hereto as Exhibit A. A true and correct copy of the state court docket sheet from the circuit court in Plaintiff's State Court Civil Action is attached as Exhibit B. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, Defendants have given written notice to the Plaintiff and the Circuit Court of Wood County, West Virginia of the removal.

**STATEMENT OF STATUTORY BASIS FOR JURISDICTION-DIVERSITY**

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

**A.  Citizenship of the Parties.**

This action involves citizens of different states. As stated in the Complaint, Plaintiff is a citizen of West Virginia. (Compl. ¶ 2.) SPS is a citizen of Utah. (*Id.* at ¶ 3.) U.S. Bank is a citizen of Ohio. (*Id.* at ¶ 4.) Accordingly, the face of the Complaint establishes that complete diversity exists.

**B.  The Amount in Controversy Exceeds $75,000.00.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiff[] will ultimately recover, but

3

rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *3 (W.D.N.C. Feb. 9, 2012) (emphasis added).  If the removing party establishes by a preponderance of the evidence that more than $75,000 is in controversy, the district court must exercise its jurisdiction.  *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10-cv-56, 2011 U.S. Dist. LEXIS 64779, at *9 (N.D. W. Va. June 17, 2011); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" (citation omitted)).

     When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record."  *Miller v. Bank of America*, No. 1:10-cv-213, 2011 WL 2429350, at *1 (N.D. W. Va. June 13, 2011). Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount."  *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see also Massey v. Green Tree Servicing, LLC*, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010).  Additionally, a plaintiff's demand for actual damages, punitive damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy.  *See, e.g.*, *Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 WL 3293871, at *3-5 (S.D. W. Va. Oct. 9, 2009) (including actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy); *Weddington v. Ford*

*Motor Credit Co.*, 59 F. Supp. 2d 578, 584-85 (S.D. W. Va. 1999) (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

   1. **Amount of non-monetary relief sought**

In his first cause of action, which is for Unconscionable Inducement, Plaintiff asks the Court to declare the Loan unenforceable and to cancel its lien on his Property. (Compl. ¶ 39.) Plaintiff alleges that at least $35,474.38 is still owed on the Loan. (*Id.* at ¶ 23 (stating that loan has $35,474.38 balloon payment due at maturity).) Therefore, this claim places at least $35,474.38 into controversy. *See Winnell v. HSBC Mortg. Servs., Inc.*, No. 2:11-CV-00561, 2011 WL 5118805, at *2 (S.D.W. Va. Oct. 28, 2011) (holding that if a bank "is unable to enforce [a] loan, it stands to lose at least the outstanding balance of the loan"); *see also Boone v. Quicken Loans, Inc.*, No. 5:15-cv-04843, 2016 WL 3597605, at *3 (D.S.C. April 18, 2016) (holding amount in controversy met where plaintiff sought to have mortgage loan declared unenforceable); *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010) (noting that the relevant inquiry is the cost to defendant of complying with any prospective equitable relief the plaintiff seeks).

   2. **Amount of monetary relief sought**

In his first and second causes of action, which are for Unconscionable Inducement and Fraud, Plaintiff seeks "[a]ctual damages equivalent to the amount paid plus amount claimed due under the loan." (Compl. ¶¶ 39 & 48.) Plaintiff alleges that over the last fifteen years, he has made, or will make, $69,813.00 in payments on the loan, which is in addition to the $35,474.38 balloon payment due at maturity. (*Id.* at ¶ 23.) Thus, these claims place at least $105,287.38 into controversy.

5

In addition to these claims, Plaintiff seeks actual damages and statutory penalties for at least one violation of the WVCCPA based on the allegation that Defendants contacted him after being notified that he was represented by counsel. (*Id.* at ¶ 52.) Thus, this claim places an additional $1,082 into controversy. W. Va. Code § 46A-5-101 & 106 (allowing $1,000 per violation plus inflation for willful violations); *see also Jefferson v. Quicken Loans, Inc.*, No. 5:13CV59, 2013 WL 3812099, at *2 (N.D.W. Va. July 19, 2013) (stating that using the maximum penalty under the WVCCPA is the "common practice" used by district courts for determining the amount in controversy).

Further, Plaintiff seeks punitive damages and attorneys' fees, which the Court must consider in deciding the amount in controversy. (Compl. ¶¶ 39 & 52); *see also Maxwell*, 2009 WL 3293871, at *3-5 (including attorneys' fees, statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees were potentially available under the WVCCPA). Plaintiff's demand for punitive damages, coupled with the large actual damages he is seeking, easily satisfies the amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages and also requested punitive damages and damages for aggravation, annoyance, and inconvenience).

In sum, Plaintiff is seeking the following relief:

- Non-Monetary Damages: $35,474.38
- Actual Damages: $105,287.38
- Statutory Penalties: $1,082

6

- Punitive Damages

- Attorneys' fees

The amount in controversy exceeds $75,000, and this Court has diversity jurisdiction over Plaintiff's claims. 28 U.S.C. § 1332. In the event any question arises as to the propriety of the removal of this matter, Defendants request the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper, in accordance with *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014) and *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008).

**WHEREFORE**, Defendants respectfully request that this Court assume jurisdiction over this matter and allow it such other and further relief as this Court deems just and proper.

**SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, NA, AS TRUSTEE**

By: s/ Matthew D. Patterson
Matthew D. Patterson (WVSB# 11566)
E-Mail: matt.patterson@nelsonmullins.com

Matthew D. Patterson, Esquire
James H. Burns, Esquire (WVSB# 11928)
E-Mail: james.burns@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Columbia, SC 29201
(803) 799-2000

**COUNSEL FOR SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, NA, AS TRUSTEE**

7

8